977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael ZERMENO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco VELEZ-ORTIZ, Defendant-Appellant.
 Nos. 91-50656, 91-50641.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Zermeno and Francisco Velez-Ortiz appeal convictions for their involvement in heroin trafficking in San Diego. Under a plea agreement, Zermeno pled guilty to aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. Velez-Ortiz pled guilty to possession of heroin with intent to distribute, in violation of 21 U.S.C. § 842(a)(1). The agreement allowed defendants to file a motion to dismiss on the basis of outrageous government conduct while reserving the right to appeal in the event the motions were denied. On September 3, 1991, the district court denied the motion for dismissal, and defendants appeal. We affirm.
 
 
 3
 We review de novo the district court's refusal to dismiss the case for outrageous government conduct. United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.), cert. denied, 468 U.S. 866 (1988). We review the evidence in the light most favorable to the government and accept the court's factual findings unless clearly erroneous. United States v. Emmert, 829 F.2d 805, 810-811 (9th Cir.1987).
 
 
 4
 Zermeno and Velez-Ortiz, along with ten other individuals, were arrested on September 1, 1988 at the conclusion of a lengthy F.B.I. undercover investigation of heroin trafficking in Southern California. The arrests occurred as the defendants and two others were in the process of selling agents over two kilograms of heroin. Over the preceding fifteen months, the defendants and their cohorts had sold the government over three kilograms of heroin in some thirteen transactions. Both defendants appeared to play active roles in the operation. Zermeno was present at two of the drug transactions, apparently providing security. Velez-Ortiz played a more active role as a go-between or broker. Velez-Ortiz was the individual who first introduced Agent Cocco, an undercover F.B.I. agent, to the larger drug organization.
 
 
 5
 The facts of this case do not support a claim of outrageous government conduct. Unlike the cases where defendants successfully raised the charge of outrageous government conduct, in the present case the government did not direct the criminal enterprise from start to finish. See United States v. Twigg, 588 F.2d 373 (3rd Cir.1978); Greene v. United States, 454 F.2d 783 (9th Cir.1971). The evidence indicates the defendants and their co-conspirators were already experienced in heroin trafficking before their involvement in these transactions. Velez-Ortiz told Agent Cocco that he had long-term experience as a "bridge" or broker in heroin sales. Once approached by the undercover agent, defendants were able to quickly procure large quantities of heroin from their sources. Over a period of fifteen months, without any government assistance, the traffickers acquired and sold agents almost three kilograms of heroin in thirteen transactions. The government acted only as a buyer and did not engage in the actual operation of the heroin organization in any manner.
 
 
 6
 Unlike the situation in Greene, the government did not pressure the defendants to engage in illegal activity. 454 F.2d at 785-86 & n. 3. Instead the defendants and their co-conspirators continually pressured the government to purchase heroin. Velez-Ortiz told the undercover agent that he could get a better price on large, multi-pound purchases. The trafficking organization stated it was becoming annoyed that the agents were not purchasing heroin frequently enough. Before denying the motion to dismiss, the court stated that this was "one of the most interesting transcripts" it had read, because the agent was "dragging his feet" and was constantly pressured by Ortiz to increase his involvement with the organization.
 
 
 7
 The evidence indicates that the government was also not the trafficker's sole customer. Greene, 454 F.2d at 787. The dealers continually reminded Agent Cocco that they had other customers eager to purchase their supply of heroin. In several monitored telephone conversations with co-conspirators, Velez-Ortiz discussed the organization's heroin sales to other customers.
 
 
 8
 The district court made several findings of fact. It determined that Velez-Ortiz was a strong-willed individual who was not easily led, contradicting his assertions that he was coerced and manipulated to engage in drug activity by the government agents. The court found no evidence he was induced to participate in the trafficking. The court also rejected Zermeno's claims of manipulation, noting that there was no evidence of any government contact or negotiations with him, when such inducements might have been made.
 
 
 9
 The district court concluded that the government's conduct was not outrageous. This finding is supported by the evidence and is not clearly erroneous. The government's conduct is not "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3